UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>BRENDA VASCONES,<br><br>                    Defendant. | Case No.:  18CR5176-CAB<br><br>**ORDER GRANTING MOTION SENTENCE REDUCTION UNDER 18 U.S.C. SECTION 3582**<br>**[Doc. No. 34]** |
|---|---|

On March 4, 2022, Defendant Brenda Vascones filed a motion seeking a reduction in her sentence pursuant to 18 U.S.C. §3582(c)(1). [Doc. No. 34.]  The government filed an opposition. [Doc. No. 42.] Defendant filed a reply. [Doc. No. 43.] For the reasons set forth below the motion is GRANTED.

I.      Background

On January 24, 2019, the defendant entered a guilty plea to the importation of methamphetamine in violation of 21 U.S.C. §§952 and 960. [Doc. No. 22.]  On November 10, 2018, the defendant drove a vehicle into the United States at the San Ysidro Port of Entry that contained 38.24 kilograms of methamphetamine. Defendant admitted she knew the vehicle contained a federally controlled substance and it was her intent to bring the

drugs into the United States. [Id., at 4.] The offense carried a mandatory minimum sentence of 10 years. [Id.]

At sentencing on April 22, 2019, the defense and the government agreed that the defendant's offense level was a 33 and she was in a criminal history category V. [Doc. Nos. 25 and 27.] Her adjusted advisory guideline range was 210 to 262 months. Further, the parties agreed that she was subject to a 10-year mandatory minimum sentence as at the time of her sentencing she did not appear eligible for relief under 18 U.S.C. §3553(f) due to her criminal history. Both parties concluded that the defendant's guideline range was excessive and jointly recommended the statutory mandatory minimum of 120 months. [Id.]

The court considered the defendant's personal history and characteristics, and the nature of the offense, and believed that mitigating circumstances called for a lesser sentence, however the court concluded it was constrained by the mandatory minimum charge and its interpretation of the First Step Act's safety-value eligibility requirements. The court therefore with reluctance, sentenced the defendant to the 120-month mandatory minimum recommended by the parties. [Doc. No. 29.] The defendant is housed at FCI Dublin and has served just over 40 months of her sentence. [Doc. No. 34 at 4.] Her scheduled release date is May 19, 2027. [Id.]

II.   Legal Standard

Defendant moves for a reduction in her sentence under 18 U.SC. § 3582(c), which provides in part that the court may modify a term of imprisonment once it has been imposed upon motion of the defendant if after considering the factors set forth in Section 3553(a) to the extent that they are applicable, the court finds that extraordinary and compelling reasons warrant such a reduction. Prior to filing such a motion, the defendant must satisfy the statute's administrative exhaustion requirements. There is no argument in this case that the defendant has not satisfied the exhaustion requirement, so the issue before the court is whether she has demonstrated extraordinary and compelling reasons for a sentence reduction. *See United States v. Aruda,* 993 F.3d 797, 801 (9th Cir. 2021) ("District courts

are empowered to consider any extraordinary and compelling reason for release that defendant may raise.").

On December 21, 2018, the First Step Act (P.L. 115-391) ("the Act") was signed into law. One of the provisions of the Act amends the criteria for safety valve eligibility under § 3553(f). Under the new criminal history criteria of the Act, Section 402(a)(1)(B), a defendant may be eligible for relief from a mandatory minimum sentence unless she has four criminal history points, a three-point conviction and a two-point crime of violence. 18 U.S.C. § 3553(f). Although the plain language of the act is stated in the conjunctive, such that a defendant must have all three criteria to be excluded from safety value eligibility, this court concluded that statute was ambiguous. Requiring all three criteria would render the first criteria superfluous, and the legislative history indicated the criteria should be interpreted in the disjunctive. The court, and the parties, therefore at the time of sentencing concluded that this defendant was not eligible for relief from a mandatory minimum sentence.

On May 21, 2021, the Ninth Circuit held in *United States v. Lopez*, 998 F.3d 431, 433 (9th Cir. 2021), that the safety valve criteria set forth in §3553(f)(1) is unambiguously conjunctive and a defendant must have all three criteria to be ineligible for safety valve. Applying the *Lopez* decision to this case, the defendant's criminal history would not have disqualified her for safety valve consideration.

III.    Discussion

Courts in this district have found extraordinary and compelling reasons meriting sentence reduction because of the disparity between the sentence a defendant received and the sentence that defendant might have receive with safety valve eligibility. *See United States v. Rosas*, 2020 WL 7226438, at *3 (S.D. Cal. Dec. 8, 2020); *United States v. Blancas de Hernandez*, 2021 WL 2290778, at *3 (S.D. Cal, June 4, 2021); *United States v. Wright*, 2022 WL 673265, at *4 (S.C. Cal. March 7, 2022).

In this case the court finds the disparity between the sentence this defendant received and the sentence she could have received if she had been sentenced after the *Lopez* decision

3

constitutes the type of extraordinary and compelling circumstances that merit a sentence reduction. The defendant, a 29-year-old at the time of sentencing, had a long-standing problem with methamphetamine and criminal conduct that reflected her history of addiction. There was no indication she had previously been involved in the importation of controlled substances. Despite previous incarcerations, she had not participated in substance abuse treatment, but she expressed a strong desire at sentencing to do so and to correct her life course. [Doc. No. 24, at 15.] Although the defendant's criminal history is not insignificant, the court believed then and finds now that a 120-month sentence, was greater than necessary.

The government objects in part to a sentence reduction on the basis that the defendant did not make the required proffer for safety valve eligibility. [Doc. No. 42, fn. 1.] However, the defendant had no incentive to do so as the parties concluded she was not eligible for safety value and the sentencing recommendation was for the mandatory minimum. The court cannot rewrite the history of this case. However, the defendant will not be excluded from relief she could otherwise have earned due to what was subsequently determined to be a misapplication of the law by counsel and the court.

Having considered the nature and circumstances of the offense, deterrence, sentencing disparity, and the history and characteristics of this defendant, as well as the other §3553(a) factors, the court finds that extraordinary and compelling reasons exist to warrant a reduction in sentence for this defendant. The defendant's motion is **GRANTED** and **IT IS HEREBY ORDERED** that the defendant's sentenced is reduced from 120 months to 60 months. Her term of supervised release and conditions remain the same.

**IT IS SO ORDERED.**

Dated: April 4, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge